# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM EARL MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-01212-SHM-tmp |
| | ) | |
| WISER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING AMENDED COMPLAINT (ECF No. 6),
DENYING MOTIONS FOR THE APPOINTMENT OF COUNSEL (ECF Nos. 5 & 11)
AND TO PROCEED WITH INITIAL SCREENING (ECF No. 14),
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL,
NOTIFYING PLAINTIFF OF THE COURT'S STRIKE RECOMMENDATION
UNDER 28 U.S.C. § 1915(g), AND CLOSING CASE**

On October 6, 2023, Plaintiff William Earl Moore, Jr. filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When Moore filed his complaint, he was confined at the Madison County Criminal Justice Complex in Jackson, Tennessee.[1] (*Id.* at PageID 2.) The Court ordered Moore to comply with 28 U.S.C. § 1915(A)(1)-(2) or pay the civil filing fee. (ECF No. 4.) Moore filed a motion for leave to proceed *in forma pauperis*. (ECF No. 7.) The Court granted Moore's motion for leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 9.)

---

[1] Moore later notified that Court that he had been transferred to the Hardeman County Correctional Facility (the "HCCF") in Whiteville, Tennessee. (ECF No. 15.)

Moore filed an amended § 1983 complaint on October 27, 2023. (ECF No. 6.) Moore's amended complaint alleges claims of false arrest, false imprisonment, and malicious prosecution. (*Id*. at PageID 21-22.) Moore sues as Defendants: (1) Julian Wiser, the Sheriff of Madison County, Tennessee, and (2) Hunter Taylor, a Deputy Sheriff in the Madison County Sheriff's Department. (*Id*. at Page ID 20.)

Moore alleges that on the afternoon of January 22, 2023, Deputy Taylor conducted a traffic stop of the vehicle in which Moore was riding as a passenger. (*Id*. at PageID 21.) Moore alleges that the vehicle belonged to him. (*Id*.) Deputy Taylor allegedly told Moore that Taylor had stopped the vehicle because it had no working taillights and only one working headlight. (*Id*.) Moore alleges that, after Moore told Deputy Taylor that Moore did not "give consent to search," Deputy Taylor asked Moore to exit the vehicle. (*Id*.) Moore alleges that he asked Deputy Taylor "several times" if Moore were being detained and asked to speak to Deputy Taylor's supervisor. (*Id*.) Moore alleges that Deputy Taylor "became very loud and hostile," pulled out his taser, and ordered Moore to exit the vehicle. (*Id*.)

Moore sues Sheriff Wiser and Deputy Taylor in their individual and official capacities. (*Id*. at PageID 20.) Moore seeks compensatory damages of an unspecified amount "for wages lost due to his arrest." (*Id*. at PageID 22.)

Moore has filed two motions seeking the appointment of counsel. (ECF Nos. 5 & 11.) Moore has filed a motion asking the Court to proceed with the initial screening of his amended complaint under 28 U.S.C. § 1915A(a). (ECF No. 14.)

For the reasons stated below, the § 1983 claims in the amended complaint (ECF No. 6) are DISMISSED WITH PREJUDICE. The state law claims are DISMISSED WITHOUT PREJUDICE. Moore's pending motions for the appointment of counsel (ECF Nos. 5 & 11) are

2

DENIED.  Moore's motion asking the Court to proceed with the initial screening of his amended complaint (ECF No. 14) is DENIED as moot.

I.  **SCREENING THE COMPLAINT**

   A.  **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting

3

*Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Moore sues under 42 U.S.C. § 1983. (ECF No. 6 at PageID 19.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II. ANALYSIS

### A. False Arrest & False Imprisonment Claims

Moore's amended complaint alleges claims of false arrest and false imprisonment in violation of the Fourth Amendment against Sheriff Wiser and Deputy Taylor. (ECF No. 6 at PageID 21-22.) The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. Amend. IV; *see United States v. Torres-Ramos*, 536 F.3d 542, 554 (6th Cir. 2008) ("In the absence of probable cause, an arrest constitutes an unreasonable seizure in violation of the Fourth Amendment"). Claims for false arrest and false imprisonment under § 1983 overlap, and "the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The same analysis applies to claims of false arrest and false imprisonment under federal law. *See id.* at 389.

To succeed on a claim for false arrest under § 1983, "the plaintiff must prove the police lacked probable cause." *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009); *see Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006) (quoting *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985) ("[T]he existence of probable cause for an arrest totally precludes any [§] 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff")). If a plaintiff was arrested pursuant to a warrant, he must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood and such statements or omissions [we]re material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (internal quotation marks and citation omitted).

The Court need not analyze the elements of Moore's false arrest and false imprisonment claims because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. The Tennessee Department of Correction (the "TDOC") Felony Offender Information Website shows that Moore is presently confined at the HCCF, serving a 20-year sentence for possession of methamphetamine with the intent to deliver or sell. (*See* https://foil.app.tn.gov/foil/search.jsp (Inmate No. 139952) (last accessed July 17, 2024).) Moore's claims call into question the validity of his conviction, which has not been reversed,

5

expunged, declared invalid, or otherwise called into question.[2] Therefore, Moore's false arrest and false imprisonment claims are not cognizable under § 1983. *See Heck*, 512 U.S. at 487.

**B.    State Law Claims**

Moore alleges claims of false arrest, false imprisonment, and malicious prosecution under Tennessee law. (ECF No. 6 at PageID 23.) "If there is some basis for original jurisdiction, the default assumption [under 28 U.S.C. § 1367(a)] is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (internal quotation marks, alteration, and citation omitted). District courts have discretion under § 1367(a) about whether to exercise supplemental jurisdiction over related state law claims. *Gamel v. Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Courts should "weigh several factors, including values of judicial economy, convenience, fairness, and comity." *Id*. at 951 (internal quotation marks and citation omitted). Here, those factors weigh against the exercise of supplemental jurisdiction.

The Court DECLINES to exercise supplemental jurisdiction over Moore's claims arising under Tennessee law because the Court is dismissing the amended complaint's federal claims with prejudice. The amended complaint's state law claims for false arrest, false imprisonment, and

---

[2] The TDOC lists the "Sentence Begin Date" as February 27, 2017, for Moore's methamphetamine conviction. Moore alleges that Deputy Taylor stopped his vehicle on January 22, 2023, when Moore would still have been serving his 20-year sentence. (*See* ECF No. 6 at PageID 21.) According to the TDOC, however, Moore was eligible for release on February 1, 2020, so it appears that Moore was on parole at the time of the stop underlying his § 1983 claims. (*See* https://foil.app.tn.gov/foil/search.jsp (Inmate No. 139952) (last accessed July 17, 2024).) Because a successful Fourth Amendment challenge to Moore's arrest would necessarily imply the invalidity of the underlying parole revocation for which Moore is currently incarcerated, Moore's § 1983 claims are barred by *Heck*. *See Munfro v. Alexander*, 47 Fed. App'x 329, 2002 WL 31108821, *2 (6th Cir. Sept. 20, 2002) (holding that challenge to probable cause basis for detaining plaintiff that resulted in eventual parole revocation was barred by *Heck*).

malicious prosecution are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

### III.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

Moore has already filed an amended complaint and cannot cure the deficiencies in that complaint with further amendment because all of his federal claims are barred under the *Heck* doctrine. The Court DENIES leave to amend.

### IV.   **APPELLATE ISSUES**

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Moore would not be taken in good faith. If Moore nevertheless chooses to file a notice of appeal, he must either: (1) pay the entire $605 appellate filing fee or, if he is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

## V.    NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  The Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

## VI.    CONCLUSION

For the reasons explained above:

A.    Moore's § 1983 claims are DISMISSED WITH PREJUDICE for failure to allege facts stating a claim on which relief can be granted.  *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)-(2).   Moore's state law claims are DISMISSED WITHOUT PREJUDICE.  The § 1983 claims are barred by *Heck*, and the Court declines to exercise supplemental jurisdiction over Moore's state law claims.

B.    Leave to amend is DENIED.  The Court recommends that this dismissal be treated as a strike pursuant to § 1915(g).  *See Simons*, 996 F.3d 350.

C.    Because the Court has dismissed Moore's amended complaint, Moore's motions for the appointment of counsel (ECF Nos. 5 & 11) are DENIED

D.    Moore's motion asking the Court to proceed with the initial screening of his amended complaint under § 1915A(a) (ECF No. 14) is DENIED as moot.

E.    The Court CERTIFIES that an appeal would not be taken in good faith and DENIES leave to proceed *in forma pauperis* on appeal.

F.    This case is DISMISSED in its entirety.

IT IS SO ORDERED, this 22nd day of July, 2024.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE